UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF  NEW YORK
_____

RICK BAKER,

                              Plaintiff

-vs-

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                              Defendant.
_____

ORDER

11-CV-6538 CJS

        Plaintiff's counsel has filed a motion for attorney's fees pursuant to 42 U.S.C. §
406(b)(1). (Docket No. [#10]).  The Commissioner awarded Plaintiff past-due benefits in
the amount of $87,331.00, and Plaintiff's counsel seeks an award of 25% of that amount,
or $21,832.75, under § 406(b) of the Social Security Act.  Plaintiff's counsel was already
awarded $2,747.16 under the Equal Access to Justice Act ("EAJA"), and he understands
that if the Court grants his application under the Social Security Act, the smaller EAJA
award must be returned to Plaintiff.

        In support of the application, Plaintiff's counsel states, in pertinent part, the
following:  1) he has a contingent fee agreement with Plaintiff, entitling him to 25% of any
recovery; 2) he spent 14.85 hours litigating this matter in Federal Court[1], and 19.7 hours
at the administrative level[2]; 3) his paralegal also spent 6.1 hours at the administrative
level; 4) he is an experienced attorney who has represented social security disability

_____

        [1]The Court notes that although the parties stipulated to remand this action to the Commissioner
for further proceedings, it was not until the action had been pending for nine months and Plaintiff had filed
a motion for judgment on the pleadings.

        [2]The Court may consider the time spent at the administrative level in evaluating the
reasonableness of the fee request. See, *Thall v. Barnhart*, No. 06-CV-6177T, 2008 WL 4104523 at *1
(W.D.N.Y. Aug. 29, 2008) ("Although the court may not award fees for work performed by counsel at the
administrative level, the court may consider the time spent by counsel at the administrative level in
determining the over-all reasonableness of the contingency fee agreement.")

claimants since 1988; and 5) he obtained a very favorable result for his client.

Defendant has not objected to the fee application, but urges the Court to consider, as it must, whether the amount requested is reasonable. (Letter of Kathryn Smith AUSA dated July 9, 2014)

The Court has considered Plaintiff's counsel's application in light of the relevant factors, *see, e.g., Thall v. Barnhart*, No. 06-CV-6177T, 2008 WL 4104523 at *1 (W.D.N.Y. Aug. 29, 2008) and *Whittico v. Colvin*, No. 5:09–CV–907 (FJS/DRH), 2014 WL 1608671 at *2-5 (N.D.N.Y. Apr. 22, 2014).  In that regard, fee requests under § 406(b)

> are not calculated using the lodestar method, but instead are paid pursuant to the terms of a contingency agreement which cannot exceed 25% of the past due benefits. See 42 U.S.C. § 406(b).  The requested fee is tested for reasonableness by looking at the character of the representation, the results the representation achieved, and whether a fee award will result in a windfall to the attorney.  . . .  [Courts] have generally been deferential to the terms of contingent fee contracts, accepting *de facto* hourly rates that exceed those for non-contingent fee cases.

*Andrews v. Colvin*, Civ. No. 7:10–CV–1202 (RFT), 2013 WL 6096288 at *1 (N.D.N.Y. Nov. 20, 2013).

In this action, Plaintiff and his attorney agreed to a 25% contingency fee arrangement, and Plaintiff has submitted an affidavit indicating that he is pleased with the work that his attorney performed for him.  Certainly, there is no suggestion of fraud or overreaching on the part of Plaintiff's counsel.  Moreover, it is clear that Plaintiff's attorney is very skilled in the field of disability law, and reached an entirely favorable result for Plaintiff.  Additionally, the Court has considered factors such as the risks of non-recovery that are inherent in disability claims.

The Court has further considered that the requested fee of $21,832.75, which, after being reduced by the prior EAJA award of $2,397.16, actually amounts to $19,435.59, based on 14.85 hours of work on this federal action, represents a *de facto* hourly rate of $1,308.79, which is not necessarily unreasonable in light of all of the foregoing factors. *See, e.g., Torres v.Colvin*, No. 11 Civ. 5309(JGK), 2014 WL 909765 at *4 (Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00. Moreover, many of those decisions were issued some years ago, and their awards, if adjusted for increases in the cost of living, would equal or exceed the amount of [$1,000 per hour] requested here.") (citations omitted).

Accordingly, it is hereby

ORDERED, that the application for attorney's fees [#10] in the amount of $21,832.75 is granted.  Plaintiff's counsel shall pay the amount of the prior EAJA award, $2,397.16, to Plaintiff.

So Ordered.

Dated:      Rochester, New York
            August 6, 2014

                            ENTER:


                            /s/ Charles J. Siragusa
                            CHARLES J. SIRAGUSA
                            United States District Judge

3